**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1505**

CHRISTOPHER ROZARIO,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: February 11, 2009      Decided: March 5, 2009

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney
General, Allen W. Hausman, Senior Litigation Counsel, Paul
Fiorino, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Rozario, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Rozario first challenges the determination that he failed to establish his eligibility for asylum. He also claims that he established changed circumstances in Bangladesh to excuse his failure to file his asylum application within one year of his arrival in the United States. We lack jurisdiction to review the determination that Rozario's application was untimely filed pursuant to 8 U.S.C. § 1158(a)(3) (2006). See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Rozario's asylum claims.

Rozario also contends that the immigration judge erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th

2

Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)); <u>see</u> 8 C.F.R. § 1208.16(b) (2008). Based on our review of the record, we find that substantial evidence supports the finding that Rozario failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

Finally, we find that substantial evidence supports the Board's finding that Rozario failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). Additionally, the petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2008); <u>see</u> <u>Saintha v. Mukasey</u>, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). We find that Rozario failed to make the requisite showing before the Board.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART<br>AND DENIED IN PART